UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WILLIAMS,<br>Petitioner,<br>v.<br>STATE OF NEVADA, et al.,<br>Respondents. | Case No. 2:17-cv-00350-MMD-CWH<br><br>ORDER |

Before the Court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by James Williams (ECF No. 1-1). His application to proceed *in forma pauperis* (ECF No. 1) will be granted.

While not entirely clear, it appears from Williams' filing that he is no longer in custody pursuant to the judgment of conviction he wishes to challenge (ECF No. 1-1.) The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). The U.S. Supreme Court, in *Maleng v. Cook*, 490 U.S. 488 (1989), noted that the Court "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. at 490-91 (emphasis added) (citation omitted). A person who is on parole or probation at the time he files his federal habeas petition satisfies the custody requirement. *Jones v. Cunningham*, 371 U.S. 236, 240-243 (1963).

1 | Here, Williams asks this court to "invalidate" his judgment of conviction in case no. C294333. He asserts that he "is actually in custody" on that case because he is currently facing new charges and he could "be impeached by the underlying conviction" in case no 294333. The court takes judicial notice of the Nevada Department of Corrections public inmate information, and it appears that Williams has discharged his sentence and been released from custody.

In an abundance of caution, the Court grants Williams thirty (30) days from the date of this order to show cause and file such proof to demonstrate that he was in custody pursuant to the judgment of conviction he wishes to challenge at the time he filed this petition. If Williams cannot demonstrate that he meets the custody requirement, this Court will enter an order dismissing the petition with prejudice.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that petitioner will have thirty (30) days from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition should not be dismissed for lack of jurisdiction.

It is further ordered that if petitioner is unable to demonstrate that he satisfies the custody requirement, the Court will enter an order dismissing the petition.

DATED THIS 13th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE